## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| URBAN 8 FOX LAKE CORPORATION, | ) | |
| URBAN 8 ZION CORPORATION, | ) | |
| | ) | |
| *Plaintiffs*, | ) | No. 18-cv-6109 |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| NATIONWIDE AFFORDABLE HOUSING FUND 4, LLC, | ) | |
| SCDC, LLC, WENTWOOD CAPITAL ADVISORS, LP, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiffs Urban 8 Fox Lake Corporation and Urban 8 Zion
Corporation's ("Plaintiffs") motion for reassignment of a recently-filed case currently
pending in the Northern District of Illinois before the Honorable Gary Feinerman,
*Urban 8 Danville Corporation and Urban 8 Macomb Corporation v. Nationwide
Affordable Housing Fund, LLC, SCDC, LLC, and Wentwood Capital Advisors, L.P.*,
Case No. 19 C 3171 (the "Macomb/Danville action"), as related to the above-captioned
action (the "Fox Lake/Zion action"). R. 95.[1] For the following reasons, Plaintiffs'
motion is granted, and the Macomb/Danville action is reassigned to the undersigned
judge.

---

[1] Unless otherwise noted, all docket references are to entries in the Fox Lake/Zion
action already before this Court, Case No. 18 C 6109.

**DRAFT**

**Background[2]**

***The original Fox Lake/Zion action.*** The Fox Lake/Zion action already before this Court involves two nearly identical limited partnership agreements concerning two low-income senior housing projects in Illinois. Pursuant to those agreements Plaintiffs, as general partners, were granted an option to purchase defendants Nationwide Affordable Housing Fund 4, LLC ("Nationwide") and SCDC, LLC's ("SCDC") interests, as limited partners, in the partnerships at the end of a 15-year compliance period governed by the low-income housing tax credit program. Prior to the end of that 15-year compliance period, Wentwood Capital Advisors, LP ("Wentwood") had become the asset manager for the other two defendants (Nationwide, SCDC, and Wentwood collectively, "Defendants"). Plaintiffs timely exercised their option. A dispute arose between Wentwood and Plaintiffs, and the parties (including all three Defendants) entered into a settlement agreement which, among other things, required Defendants to "take all steps required to close on the purchase(s) [pursuant to the options] in a timely and expeditious manner, consistent with [the partnership agreements]." R. 4 ¶ 45. Nevertheless, Defendants refused to sell their interests.

On September 6, 2018, Plaintiffs brought claims for breach and anticipatory breach of the partnership agreements against Nationwide and SCDC (Counts I and II); breach of the settlement agreement against all Defendants (Count III); violation

---

[2] Additional background facts are set forth in the Court's December 10, 2018 opinion granting in part and denying in part Defendants' partial motion to dismiss Plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). R. 51.

of the good faith and fair dealing provision of 805 ILCS § 215/305 against Nationwide and SCDC (Count IV(2)); and tortious interference with the partnership agreements against Wentwood (Count V). Plaintiffs also sought a declaratory judgment against all Defendants under the partnership agreements and the settlement agreement (Count IV(1)). Defendants moved to dismiss portions of the complaint on October 5, 2018, R. 24, and the Court granted Defendants' motion with respect to Count IV(2) (violation of good faith and fair dealing provision) on December 10, 2018, R. 51. At a status conference on that same date, the parties represented to the Court that although Defendants had at that point offered to transfer their partnership interests to Plaintiffs, they had been unable to seriously discuss settlement because of a dispute over the proper interpretation of the "Sale Preparation Fee," a contract provision pertaining to the price to be paid for that transfer. Accordingly, the Court suggested that the parties brief a partial motion for summary judgment on that issue to short-circuit extensive discovery and potentially resolve the case.

Thereafter, on January 11, 2019, Plaintiffs filed a motion for partial summary judgment for a declaratory judgment on the proper interpretation and application of the Sale Preparation Fee. R. 55. On April 16, 2019, the motion fully briefed and at the parties' request, this Court heard oral argument on Plaintiffs' motion. R. 87. In addition to their arguments on the merits, the parties explained at the hearing that they and their affiliates also are parties to other, similar partnership agreements concerning other low-income senior housing projects, and that those agreements also contain the Sale Preparation Fee. Then, in an off-the-record telephone conference on

May 10, 2019 and after careful consideration of the parties' written and oral arguments, the Court explained to the parties how it would rule on Plaintiffs' partial summary judgment motion. But because of the parties' representations regarding similar language in similar agreements between them and/or their affiliates, the Court gave the parties two weeks to discuss potential settlement of the Fox Lake/Zion action prior to the Court issuing a written opinion to that effect. R. 92. The parties subsequently informed the Court that they were unable to reach settlement.

*The Danville/Macomb action.*[3] Also on May 10, 2019, affiliates of Plaintiffs in the Fox Lake/Zion action filed the Danville/Macomb action against Defendants. The Danville/Macomb action concerns the parties' rights and obligations under partnership agreements that are virtually identical to the agreements in the Fox Lake/Zion action, but involve different low-income senior housing projects in Illinois. 19 C 3171, R. 1. Like the Fox Lake/Zion action, the claims in the Danville/Macomb action relate to the plaintiffs' rights to exercise their option to purchase Defendants' interests as limited partners, and Defendants' alleged refusal to facilitate those purchases. Importantly, as in the Fox Lake/Zion action, both agreements also concern the application and interpretation of the Sale Preparation Fee.

*The Ohio action.* On May 8, 2019, two days before Plaintiffs' affiliates filed the Danville/Macomb action against Defendants, Defendants Nationwide and SCDC filed an action against Plaintiffs' affiliates in the Southern District of Ohio concerning

---

[3] On June 10, 2019, after reviewing the parties' submissions on the subject, Judge Feinerman found that the parties had established complete diversity and thus subject matter jurisdiction for pleading purposes. 19 C 3171, R. 49.

the same partnership agreements at issue in the Danville/Macomb action, captioned *Nationwide Affordable Housing Fund 4, LLC and SCDC, LLC v. Urban 8 Danville Corporation and Urban 8 Macomb Corporation*, Case No. 19 C 1848 (S.D. Oh.) (the "Ohio action"). The Ohio action seeks a declaratory judgment that Plaintiffs' affiliates (defendants in the Ohio action) failed to timely exercise their options to purchase Nationwide and SCDC's interests in the partnership agreements at issue, or, in the alternative, for interpretation and application of the Sale Preparation Fee in line with arguments Defendants made in the Fox Lake/Zion action (and contrary to Plaintiffs' position and this Court's anticipated ruling). A motion to dismiss, or in the alternative, to transfer venue to the Northern District of Illinois, is currently pending in the Ohio action. In their briefs on the motion for reassignment, Plaintiffs contend that Defendants filed the Ohio action "in bad faith" for the purpose of "forum shopping," and the parties argue at length over whether this characterization is correct. But the Ohio action is not presently before the Court, and the Court thus declines to consider this issue.

## Analysis

In the Northern District of Illinois, cases are assigned to judges at random. L.R. 40.1. A case may be reassigned to a court before which an earlier-filed, related case is pending to preserve judicial resources. L.R. 40.4. The party moving for reassignment bears the burden of showing the cases are related and that reassignment would promote efficient use of judicial resources. For a case to be

eligible for reassignment, Local Rule 40.4 requires the moving party to prove that it is related to an earlier filed case. L.R. 40.4(a). Two cases are related if:

> (1)    the cases involve the same property;
>
> (2)    the cases involve some of the same issues of fact or law;
>
> (3)    the cases grow out of the same transaction or occurrence; or
>
> (4)    in class action suits, one or more of the classes involved in the cases is or are the same.

L.R. 40(a). But relatedness to an earlier-filed case alone does not qualify a case for reassignment. Instead, the moving party also has the burden to prove that:

> (1)    both cases are pending in the same court;
>
> (2)    the administration of both cases by the same judge is likely to result in substantial saving of judicial time and effort;
>
> (3)    the earlier case has not progressed to the point where designating a later-filed case would be likely to substantially delay the proceedings in the earlier case; and
>
> (4)    the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b). The decision to reassign a case as related falls within the Court's sound discretion. *Clark v. Ins. Car Rentals Inc.*, 99 F. Supp. 2d 846, 848 (N.D. Ill. 1999). The Court reviews first whether the Fox Lake/Zion and Danville/Macomb actions are related, and then whether the conditions for reassignment are met.

## I.    Relatedness

The Fox Lake/Zion and Danville/Macomb actions are clearly related. Although they do not involve the same property or arise from the same transaction or occurrence (and neither is a class action), they involve some of the same issues of fact and law. Most notably, both concern the interpretation and application of the same or similar Sale Preparation Fee as set forth in the respective partnership agreements.

The parties agree that this is an important issue in both actions. And while Defendants argue that the two cases are not related because the predominant issue in the Danville/Macomb action is whether the plaintiffs timely notified Defendants of their intent to exercise their purchase options—an issue that is not present in the Fox Lake/Zion action—this argument fails. Local Rule 40.4(a) requires only that the potentially related case share *some* of the same issues of fact or law, not that the key issue is the same in both cases. (And the Court is dubious of Defendants' position in any event; the notice issue is a simple one, likely amenable to swift resolution.) The relatedness requirement is met.

## II. Conditions of Reassignment

Each of the conditions for reassignment is also satisfied.

### A. Both cases are pending in this court

The first condition is met and not in dispute here: both the Fox Lake/Zion and Macomb/Danville actions are pending in the Northern District of Illinois.

### B. Assignment of both cases to the same judge will save substantial time and effort

Additionally, despite Defendants' urging to the contrary, reassignment of the Macomb/Danville action to this Court would save significant judicial resources and ensure consistent rulings on common questions about the interpretation and application of the Sale Preparation Fee—which the parties have represented is the main issue in the Fox Lake/Zion action, and an important issue in the Macomb/Danville action also. The Court has invested significant time to understand the complex low-income housing tax credit program and partnership agreements at

issue, and is already well-versed in the relationship between the parties (and their affiliates) both to each other and that program, as well as the genesis, structure and intent behind the partnership agreements at issue. Absent reassignment of the Macomb/Danville action to this Court, another will be required to invest similar time and effort.

### C. Reassignment will not substantially delay proceedings in the Fox Lake/Zion case

Neither would the reassignment cause substantial delay in the Fox Lake/Zion case. To date, the parties have engaged in only limited discovery; they have not yet taken any depositions or engaged in expert discovery. And discovery is stayed pending the Court's written ruling on Plaintiffs' motion for partial summary judgment on the interpretation and application of the Sale Preparation Fee. R. 87. Accordingly, the reassignment of the Macomb/Danville action to this Court at this time will not result in any delay in the Fox Lake/Zion action.

### D. The cases are susceptible of disposition in a single proceeding

There is substantial overlap between the Fox Lake/Zion and Macomb/Danville complaints. Indeed, the witnesses, counsel, and many of the facts are the same or substantially similar. Given this overlap, the two cases can be handled most efficiently in the same proceeding. *See Freeman v. Bogusiewicz*, 2004 WL 1879045, at *2 (N.D. Ill. Aug. 11, 2004) (reassignment appropriate where "[t]he facts and issues in both cases are similar in nature and can be handled more efficiently in one proceeding."); *see also Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, 2008 WL 1848142, at *4 (N.D. Ill. Apr. 23, 2008) (reassignment proper in part because

8

"both actions involve *prima facie* fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings"). Defendants' conclusory argument that this condition is not met because "the facts and issues are different and because the general partners are different" also falls short. R. 100 at 8. Indeed, as discussed, not only is this characterization incorrect, but also Plaintiffs need only show that the two actions are susceptible to be disposed of together, not that they will be. They have done so here. *See Velocity Patent LLC v. Mercedes-Benz USA, LLC*, 2014 WL 1661849, at *2 (N.D. Ill. Apr. 24, 2014) ("This is not to say that the cases *will* be disposed of at the same time, but only that they are *susceptible*.") (emphasis in original).

## III.    Timeliness

Finally, Defendants contend that reassignment is inappropriate because Plaintiffs' motion was filed prematurely, in violation of Local Rule 40.4(c) since none of the defendants in the Danville/Macomb action have filed an answer or responsive pleading. R. 100 at 5-7. But Local Rule 40.4(c) does not require that they answer or otherwise plead first. Instead, it provides in relevant part:

> In order that all parties to a proceeding be permitted to respond on the question of relatedness and possible reassignment, such motions should not *generally* be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved.

Local Rule 40.4(c) (emphasis added). There can be no dispute that all parties have responded to the reassignment motion and the issues it raises; the motion is fully briefed. There can likewise be no dispute that the parties are well-informed on the ins and outs of the Danville/Macomb action as it relates to the Sale Preparation Fee,

having also briefed and argued a partial summary judgment motion in the Fox Lake/Zion action on just that issue. Accordingly, this argument also fails.

## Conclusion

For the foregoing reasons, the Court finds that the Fox Lake/Zion action and the Danville/Macomb action are related, and that all Local Rule 40.4(b) conditions of reassignment are met. Accordingly, Plaintiffs' motion is granted, R. 95, and *Urban 8 Danville Corporation and Urban 8 Macomb Corporation v. Nationwide Affordable Housing Fund, LLC, SCDC, LLC, and Wentwood Capital Advisors, L.P.*, Case No. 19 C 3171 is reassigned to this Court for all purposes.

ENTERED:

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: June 18, 2019